UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:18-cr-00092-EJD |
| Plaintiff, | ORDER OF DETENTION OF DEFENDANT |
| v. | JONATHAN JOEL MENDOZA |
| JONATHAN JOEL MENDOZA, | |
| Defendant. | |

The defendant Jonathan Joel Mendoza came before this Court on March 20, 2018, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Tamara Crepet. Assistant United States Attorney John Bostic represented the United States.

The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community.

Pretrial Services submitted a report recommending conditions of release, without having received the benefit of the proffer made by the government at the hearing.

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds that the defendant has not rebutted the presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the safety of the community, and that no condition or combination of conditions would assure the defendant's appearance. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Jonathan Joel Mendoza is charged in an indictment with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)—Possession With Intent to Distribute and Distribution of Methamphetamine; and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)—Possession With Intent to Distribute Methamphetamine, which carry a maximum terms of imprisonment of life and 20 years, respectively. A rebuttable presumption in favor of detention therefore applies in this case because the defendant is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

The government made a proffer regarding the defendant's multiple conversations with an undercover agent offering firearms, explosives and explosive devices for sale; the recovery of firearms and accessories to enhance the destructive force of said firearms from defendant's car and storage unit; and defendant's reference to disappearing upon learning that federal authorities were looking for him. In considering all of the facts and proffers presented at the hearing, the Court finds that the defendant has not rebutted the presumption under § 3142(e)(3)(A) that no combination of conditions could reasonably assure the community's safety.

In considering all of the facts and proffers presented at the hearing, on the present record the Court finds that the defendant has not rebutted the presumption under § 3142(e)(3)(A) that no combination of conditions could reasonably assure the defendant's appearance as required. In

particular, the defendant's limited familial ties in this District, the defendant's homeless status, and the absence of financially viable sureties all weigh in favor of detention on this issue.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: March 20, 2018

HON. SUSAN VAN KEULEN
United States Magistrate Judge